#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MISSOURI
#### EASTERN DIVISION

| | |
|---|---|
| CAPRICE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00423-MTS |
| ) | |
| JOHN DOE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

In a Motion to Remand and Memorandum in Support of that Motion, each consisting of a single substantive page, Plaintiff argues that this action should be remanded back to the Circuit Court of the City of St. Louis. Doc. [22]; Doc. [23]. Plaintiff argues that this Court lacks subject matter jurisdiction over the action because "the damages sustained by [Plaintiff] are less than $75,000.00." Doc. [23]; *see also* Doc. [22] ¶ 2 (asserting that the "amount in controversy in the present case is less than $75,000.00"). Plaintiff's Motion misses the mark.

Defendant's Notice of Removal was required to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). It did so. This case stems from an automobile accident where an unknown motorist struck Plaintiff's vehicle and left the scene. Plaintiff seeks damages from her insurer for failing to pay her uninsured motorist claim on the accident. As Defendant noted in its Notice of Removal, Doc. [1] ¶ 5, Plaintiff's initial Petition claims she was entitled to payment, and prayed for judgment, "in the amount of the insurance policy limits." Doc. [4] at 4. Said insurance policy limit was $100,000. Doc. [1] ¶ 5. As for the factual basis for her entitlement to the policy limit, Plaintiff alleged she "sustained injuries to her head, back, shoulder, left hip, and right arm," "sustained property damages," "lost wages," and "will in the future lose wages." Doc. [4] ¶¶ 9, 10. She further alleged her "ability to work" and "enjoy life" were now "impaired."

*Id.* In addition to her breach of contract claim against Defendant, Plaintiff brought a claim for vexatious refusal to pay under Missouri law, which would provide for relief beyond the policy limit. Doc. [4] ¶ 28 (claiming an entitlement to "additional money damages" under Mo. Rev. Stat. § 375.420). And Plaintiff further sought "attorney fees," which she characterized as a "substantial amount." *Id.* ¶ 29; *see Crawford v. F. Hoffman-La Roche, Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) ("Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction."). Plaintiff's Notice of Removal plausibly alleged the amount in controversy exceeded the jurisdictional threshold.

Once a plaintiff contests, or the court questions, a removing defendant's allegation that the amount in controversy exceeds the jurisdictional threshold, a defendant must establish that it is met. *See* 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee*, 574 U.S. at 89. The Court doubts that Plaintiff's terse Motion to Remand sufficiently challenges Defendant's allegations such that it triggers § 1446(c)(2)(B)'s burden on Defendant. Even if Plaintiff is correct that "the damages" she "sustained . . . are less than $75,000.00," Doc. [23], it does *not* mean the Court lacks subject matter jurisdiction over this action. The question "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). That is, the *amount in controversy*, not the amount Plaintiff actually was damaged, controls. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction."). And while Plaintiff elsewhere flatly stated that the "amount in controversy in the present case is less than $75,000.00," Doc. [22] ¶ 2, her focus on what the amount in controversy *is*, or now appears to be at this point in time, has no

significance. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (calling it "axiomatic" that a federal court's jurisdiction is measured "at the time of removal").[1]

But even assuming, *arguendo*, that Plaintiff's Motion sufficiently challenged the amount in controversy such that it triggered Defendant's burden under § 1446(c)(2)(B), Defendant has met its burden to establish the amount in controversy exceeded $75,000. *See Dart Cherokee*, 574 U.S. at 89. Defendant established that Plaintiff's insurance policy limit was $100,000. Doc. [24] at 2. Plaintiff does not dispute that limit.[2] While the mere fact that an insurance policy limit exceeds $75,000, standing alone, may not necessarily be enough to establish the amount in controversy exceeds $75,000, see *Peck v. Country Preferred Insurance Co.*, 4:19-cv-00326-RLW, 2019 WL 6135311, at *2 (E.D. Mo. Nov. 19, 2019) (finding amount in controversy requirement not satisfied "*simply* by virtue of the $100,000 policy limit" (emphasis added)), Plaintiff's own Petition puts it in controversy, saying she was "entitled to money damages . . . in the amount of the insurance policy limits." Doc. [4] ¶ 18; *accord id.* ¶ 27. Based on Plaintiff's own allegations, a fact finder might legally have concluded that her damages exceeded $75,000, even though Plaintiff now says she did not, in actuality, sustain damages exceeding that amount.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [23], is **DENIED**.

Dated this 6th day of June 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff intended for the Motion to Remand to be a voluntary concession that she will no longer seek damages in excess of $75,000.00, a "post-removal voluntary reduction of [her] claim to less than the jurisdictional amount[ ] does not defeat federal jurisdiction acquired through removal." *Hirschmugl v. State Farm Fire & Cas. Co.*, 4:19-cv-00386-JMB, 2019 WL 1557090, at *2 (E.D. Mo. Apr. 10, 2019) (quoting *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) (Blackmun, J.)).

[2] Indeed, Plaintiff did not file a reply memorandum disputing or contravening anything in Defendant's Response in Opposition. *See* E.D. Mo. L.R. 4.01(C).